UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| COREY De'ANDRE HOOD, ) | |
| ) | |
| Plaintiff, ) | Civil No. 7:18-cv-00124-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| A.W. GARZA, *et al.*, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

*** *** *** ***

Defendants Lieutenant Moore, Nurse Plumley, Officer Howard, and Officer Harshbarger have filed a motion to dismiss or, in the alternative, for summary judgment on *pro se* plaintiff Corey De'Andre Hood's civil rights claims. [R. 19.] The Defendants seek dismissal primarily because of Hood's alleged failure to exhaust his administrative remedies in compliance with the Prison Litigation Reform Act ("PLRA"), and they also seek summary judgment on the merits. For the reasons below, the Defendants' motion is **DENIED**.

**I**

Hood initially filed a number of claims against eight employees of the United States Penitentiary—Big Sandy. [R. 1.] Pursuant to the PLRA, the Court conducted a preliminary screening of those claims and dismissed several of them for failure to state a claim upon which relief could be granted. However, the Court sought a response from Nurse Plumley with respect to Hood's claim of deliberate indifference to his medical needs, and from Lieutenant Moore, Officer Howard, and Officer Harshbarger with respect to Hood's allegations of excessive force. [*See* R. 7.] These four Defendants have now moved to dismiss or, in the alternative, for

summary judgment on Hood's remaining claims against them, and the matter stands submitted for the Court's review. [*See* R. 19; R. 20; R. 21.]

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the Plaintiff's complaint. *See, e.g., Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing such a motion, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all "well-pleaded facts" in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Here, because Hood is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

A motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 challenges the viability of another party's claim by asserting that at least one essential element of that claim is not supported by legally-sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). A party moving for summary judgment must establish that there is no genuine dispute as to any material fact, such that the party is entitled to judgment as a matter of law. *Loyd v. St. Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). When resolving a motion for summary judgment, the Court accepts all of the non-movant's evidence as true and draws all reasonable inferences in his favor. *Id.*

## II

The Defendants set forth a number of arguments in their combined motion to dismiss and motion for summary judgment. They argue, first, that Hood's claims should be dismissed for failure to exhaust his administrative remedies, and, second, that Hood failed to adequately allege

personal involvement on the part of the Defendants. The Defendants then rely on affidavits, exhibits, and other evidence attached to their briefs to argue that Nurse Plumley was not deliberately indifferent to Hood's medical needs and that the use of force by Moore, Howard, and Harshbarger was reasonable, not unconstitutionally excessive. Finally, and consistent with the Defendants' argument that no constitutional violations occurred, the defendants seek qualified immunity. Because no discovery has occurred and various fact issues remain outstanding, the Court denies the Defendants' requests for relief.

**A**

First, the Defendants claim Hood failed to properly exhaust his administrative remedies prior to seeking relief in federal court. Upon review, the Court finds that the exhaustion issue cannot be fully resolved at this stage of the litigation. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Further, mere attempts at exhaustion are not enough; instead, the PLRA requires "proper exhaustion of administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has defined proper exhaustion as "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

Nevertheless, the Supreme Court has also articulated certain circumstances "in which an administrative remedy, although officially on the books, is not capable of use to obtain relief" for

purposes of the PLRA. *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016); *see also* 42 U.S.C. § 1997e(a) (explaining a prisoner must only exhaust "such administrative remedies *as are available*") (emphasis added). One such circumstance is where prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

While Hood did file certain remedy requests regarding the subject matter of his claims, he appears to have failed to fully completed the exhaustion process. In their motion to dismiss, the Defendants claim that Hood failed to file his grievances in accordance with BOP policy [*see* R. 19-1 at 4-7], and Hood himself appears to acknowledge this. [*See* R. 27.] However, Hood's response brief suggests he could not properly exhaust in part because he was retaliated against for his attempts to file grievances. [*Id.* at 4.] According to Hood:

> The complaint must not be dismissed for failure to exhaust because I appealed to the central office and was denied and given the runaround. I was eventually put in four-point restraints by Lt. Baker for 18 hours for what seems to be retaliation. The Captain told me that I would be going in four-point restraints for filing administrative remedies. These events occurred all in close proximity to the filing of my initial grievance.

[*Id.*]

To determine whether Hood fits within the exception articulated for "machination, misrepresentation, or intimidation," *see Ross*, 136 S. Ct. at 1860, the Court must ask whether prison officials' treatment of Hood would "deter a person or ordinary firmness from [continuing with the grievance process]." *Himmelreich v. Federal Bureau of Prisons*, 766 F.3d 576, 577 (6th Cir. 2014) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999)); *see also Does 8-10 v. Snyder*, 945 F.3d 951, 966 (6th Cir. 2019). "This requirement is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment. Thus, unless the claimed retaliatory action is truly

4

inconsequential, the plaintiff's claim should survive a motion for summary judgment." *Does 8-10,*.945 F.3d at 966-97 (internal quotation marks and citations omitted).

The Defendants' only response to Hood's allegation of retaliation is that Hood's statement "is vague and undeveloped, as he does not specify as to which administrative remedies he is referring." [R. 28 at 2.] This oversimplifies the required analysis. Although Hood admittedly does not provide an exact date for the alleged retaliatory action, he does offer names and further states that he was placed in four-point restraints for filing grievances "in close proximity to the filing of [his] initial grievance." [R. 27 at 4.] And, notably, at this stage of the litigation, the Court must assume Hood's allegations are true. *See Himmelreich*, 766 F.3d at 578. Taking Hood at his word, a reasonable jury could conclude that being threatened with and/or actually placed in four-point restraints for an extended time period would deter a person of ordinary firmness from continuing with the grievance process. *Id.*; *see also Surles v. Andison*, 678 F.3d 452, 457-48 (6th Cir. 2012) (denying dispositive motion for failure to exhaust when defendants failed to prove that they did not interfere with the plaintiff's ability to exhaust his administrative remedies, even where the record showed the plaintiff was able to file some grievances, and noting the fact "that [the plaintiff] was able to file some grievances does not mean that he was able to file all relevant grievances or that he was not prevented from timely filing the grievances."). Accordingly, the Court declines to dismiss Hood's claims for failure to exhaust at this time.

**B**

Exhaustion issues aside, the Defendants also seek dismissal for Hood's supposed failure to adequately allege personal involvement on the part of the named, remaining defendants. [R. 19-1 at 8-11.] This argument, too, is misguided. The Defendants seem to take issue here with

Hood's choice of Defendants, complaining that although Nurse Plumley was only one "of several medical providers who conducted injury and restraint assessments," Hood "focuses on RN Plumley by singling her out." [*Id.* at 8-9.] Likewise, the Defendants state that while Lieutenant Moore and Officers Howard and Harshbarger were all involved in managing the use of force incident, "they were not the only ones involved." [*Id.* at 10.] In effect, the Defendants suggest that Hood must sue every person involved with the use of force incident and resulting medical care, or no one. [*Id.*] But what if Hood felt he was provided with constitutionally adequate medical care from the other healthcare providers, with only Nurse Plumley's actions rising to the level of deliberate indifference? Or what if Hood believes the other correctional officers who put him in restraints did so in a way that did not abridge his constitutional rights, unlike the individuals he does name in his complaint?

The defendants go on to argue that Hood "has failed to articulate with any specificity how the particular actions of Officers Howard and Harshbarger, among the actions of several other staff members responding to the same exact situation, personally deprived him of his Eighth Amendment rights." [*Id.*] In fact, Hood provides a number of details about the remaining Defendants' personal involvement in his deliberate indifference and excessive force claims. With respect to Nurse Plumley, Hood claims she falsified records, ignored his repeated complaints of pain, and, in general, intentionally failed to treat the injuries caused by the hand restraints. [R. 1 at 5-6.] And as for the other Defendants (all sued for excessive force), the complaint alleges that Lieutenant Moore was responsible for Hood being placed in restraints for sixteen hours without access to hygiene products, blankets, clothing, or towels for the following three days; that Officer Howard pushed and tackled him causing him to hit his head on the base of the shower; and that Officer Harshbarger put his knee into Hood's spine such that he could not

6

breathe. [*Id.* at 4.] Hood's pending claims, which must be taken as true at this stage of the proceedings, survived the Court's preliminary screening in part because Hood alleged sufficient personal involvement on the part of these Defendants. The fact that other medical providers and correctional officers were also involved is immaterial absent some argument regarding required joinder, which the Defendants have not raised. *See* Fed. R. Civ. P. 19. Accordingly, the Court will not dismiss Hood's pending claims on this basis.

## C

Finally, the Defendants seek summary judgment on the merits of Hood's claims, submitting evidence to suggest Nurse Plumley was not deliberately indifferent to Hood's medical needs and that the use of force by Moore, Howard, and Harshbarger was reasonable given the circumstances—i.e., Hood's aggressive behavior towards BOP staff. Relatedly, the Defendants claim qualified immunity. [*See* R. 19-1 at 11-26.] The Defendants' arguments on these points are supported by 183 pages of affidavits and other evidence attached to the motion to dismiss and subsequent reply brief. [R. 19-2; R. 19-3; R. 19-4; R. 28-1.] Hood responds to this evidence with only his own word, as stated in his response brief. [R. 27.]

In certain circumstances, a district court will resolve a motion for summary judgment before discovery has taken place. But "[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Vance By and Through Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996); *see also Alspaugh v. McConnell*, 643 F.3d 162, 166-67 (6th Cir. 2011). The non-movant must inform the district court of his need for discovery by affidavit or declaration,[1] and if he does make "a proper and timely showing of a

---

[1] Previously, Federal Rule of Civil Procedure 56(f) required a non-movant to either file an affidavit detailing the discovery needed or a motion for additional discovery. *See Vance*, 90 F.3d at 1149. Rule 56 has since been amended and now states, in relevant part, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court

7

need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." *Hammons,* 90 F.3d at 1149.

In the present case, no discovery of any kind has taken place. And although Hood, the non-movant, has not filed an affidavit, he has referenced the evidence he would presumably like to obtain if given the opportunity. *See Rose v. United States*, No. 09-cv-104-ART, 2010 WL 11565382, at *4 (E.D. Ky. 2010) (forgiving a *pro se* party's failure to file a Rule 56 affidavit when the plaintiff filed a different document that could be construed as a motion for discovery). Indeed, Hood's response brief claims that the medical records submitted by the Defendants are inaccurate in light of his own testimony, that prison video footage will corroborate his version of the events, and that he has "witnesses that'll testify in [his] favor." [*See* R. 27 at 4-7.] Given Sixth Circuit precedent on the matter and the fact that Hood is proceeding *pro se*, the Court, in its discretion, is unwilling to grant summary judgment on the Defendants' claims at this stage of the litigation, when no discovery at all has occurred.[2]

Discovery may demonstrate that Hood did, indeed, fail to properly exhaust his administrative remedies, or that the Defendants may not be held liable for his constitutional claims. And if so, the Defendants are free to renew their motion. But at this time, neither the

---

may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

[2] The Court reaches this conclusion even though the defendants have invoked qualified immunity. The Sixth Circuit has made clear that "it is not proper to grant summary judgment without giving [the plaintiff] an opportunity to engage in discovery merely because the state defendants asserted qualified immunity as a defense." *Alspaugh*, 643 F.3d at 168. While the Court scrutinizes a complaint to determine whether the plaintiff alleged a violation of a clearly established constitutional right, if a plaintiff has—or if further fact-finding is required to determine the matter—the summary judgment motion is properly denied. *See id.* ("[W]here the issue of qualified immunity turns on contested issues of fact, its determination is not one for summary judgment."); *Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Village School Dist.*, 428 F.3d 223, 235 (6th Cir. 2005) (noting that it is "difficult for a defendant to claim qualified immunity on the pleadings before discovery and before the parties (much less the courts) know what is being balanced against what") (Sutton, J., concurring).

Defendants' motion nor the underlying record support resolving the Plaintiff's claims without further litigation.

**III**

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment **[R. 19]** is **DENIED** at this time;

2. Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge to conduct all further pretrial proceedings, including facilitating discovery and preparing proposed findings of fact and recommendations of law on any dispositive motions; and

3. The Clerk of the Court shall **ASSIGN** this matter to the relevant Magistrate Judge.

This the 4th day of March, 2020.

Gregory F. Van Tatenhove
United States District Judge